IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal Action No. 7:13cr00007-2 |
| v. | ) | Civil Action No. 7:14cv80741 |
| | ) | |
| MARTHA JO LANDGREBE, | ) | By: Joel C. Hoppe |
| Defendant. | ) | United States Magistrate Judge |

REPORT AND RECOMMENDATION

Martha Jo Landgrebe, a federal inmate proceeding *pro se*, filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("Petition"). ECF No. 50.[1] In the Petition, Landgrebe asserts that (1) her five-year prison sentence violates the rule announced in *Alleyne v. United States*, (2) her two sentencing enhancements were "inappropriate double punishment," and (3) her attorney was ineffective because he did not explain or object to those enhancements. The Government filed a motion to dismiss to which Landgrebe has responded. The matter is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 60.

Having considered the parties' filings, the criminal case record, and the applicable law, I find that Landgrebe knowingly and voluntarily waived her right to collaterally attack her sentence on the first two grounds when she pled guilty with a written agreement, and that the existing record conclusively shows that Landgrebe is not entitled to relief on her third claim.

I. Standard of Review

A prisoner claiming the right to be released from a federal sentence must show that the district court did not have jurisdiction to impose the sentence, the sentence was imposed in violation of the Constitution or laws of the United States, the sentence exceeded the maximum penalty allowed by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. §

---
[1] ECF numbers refer to entries on the criminal case docket.

1

2255(a)–(b); *Michel v. United States*, Nos. 5:06cr41, 5:10cv80281, 2011 WL 767389, at *1 (W.D. Va. Feb. 25, 2011) (Conrad, C.J.). The prisoner ultimately must prove her grounds for relief by a preponderance of the evidence. *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004).

On the Government's motion to dismiss, however, the court determines only whether "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord White*, 366 F.3d at 296–97. Summary dismissal is inappropriate when the prisoner alleges facts that, if true, would entitle her to relief on her particular claim. *See White*, 366 F.3d at 297. The court may not reject the prisoner's factual allegations unless they are "palpably incredible" or "patently frivolous or false" when viewed against the whole record. *Id.* The court does not weigh evidence, consider credibility, or resolve disputed issues—it decides only whether the prisoner's filings state a claim for relief under section 2255. *See United States v. Stokes*, 112 F. App'x 905, 906 (4th Cir. 2004) (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

II. Background

A grand jury sitting in the Western District of Virginia indicted Landgrebe and a codefendant on January 17, 2013. *See* Indictment, ECF No. 1. Landgrebe was charged in four of the five counts: (1) knowingly and willfully conspiring to manufacture at least 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); (2) knowingly and intentionally manufacturing, or attempting to manufacture, at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (3) creating a substantial risk of harm to human life while knowingly and intentionally manufacturing and attempting to manufacture

2

methamphetamine, in violation of 21 U.S.C. § 858; and (4) knowingly and intentionally manufacturing and attempting to manufacture methamphetamine on a "premises in which an individual under the age of 18 was present and resided," in violation of 21 U.S.C. § 860a. *Id.* at 1–3.[2] The Court appointed counsel to represent Landgrebe on February 6, 2013.

Landgrebe and the Government entered into a written plea agreement. *See* Plea Agmt. 1, Apr. 9, 2013, ECF No. 33. Landgrebe would plead guilty to the drug conspiracy charged in Count One, and the Government would move at sentencing to dismiss Counts Two, Three, and Four. *See id.* at 2. The parties also agreed to recommended that the Court sentence Landgrebe to five years in prison, which was the mandatory minimum term of incarceration for Count One under 21 U.S.C. §§ 841(b)(1)(B) and 846 (2012). *See id.* at 1, 3.

On April 9, 2013, Landgrebe appeared with counsel for a change-of-plea hearing before United States District Judge Samuel G. Wilson. *See generally* Plea Hr'g Tr. 1–24, ECF No. 54. Judge Wilson asked Landgrebe if she understood the terms of her written plea agreement, the elements of the offense charged, the mandatory minimum and potential maximum penalties she faced if convicted of that offense, and all of the rights she was giving up by pleading under the agreement, including her right to collaterally attack her sentence except on certain grounds. *See id.* at 9 (terms); *id.* at 11–12 (elements); *id.* at 12–13 (penalties); *id.* at 16–18 (waiver). Landgrebe testified that she understood the Court's admonishments and wanted to plead guilty. *See generally id.* at 9–21. Judge Wilson accepted Landgrebe's plea of guilty to the offense charged in Count One. *Id.* at 22.

---

[2] Each substantive count also charged Landgrebe with aiding and abetting the offense charged, in violation of 18 U.S.C. § 2. *See* Indictment 1–3. Landgrebe's codefendant, James Alexander Smith, was also charged with knowingly possessing a firearm in furtherance of the federal drug-trafficking crime described in Count Two, in violation of 18 U.S.C. § 924(c). *See id.* at 3 (Count Five).

On August 14, 2013, Judge Wilson sentenced Landgrebe to five years in prison followed by seven years on supervised release. *See* Sent. Hr'g Tr. 7–8, ECF No. 55; Judgment 1, 3, ECF No. 44. Counts Two, Three, and Four were dismissed per the agreement. The Court entered the judgment of conviction on August 15, 2013, and Landgrebe did not appeal.

Landgrebe timely filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The Government moved to dismiss her Petition on August 12, 2014, ECF No. 56, and Landgrebe responded on August 24, 2014, ECF No. 58. The motion to dismiss is ripe for review and can be resolved on the existing record. *See* 28 U.S.C. § 2255(b) (the district court may dismiss a 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. Ray*, 547 F. App'x 343, 345 (4th Cir. 2013) (per curiam) (citing *United States v. Witherspoon*, 231 F.3d 923, 926–27 (4th Cir. 2000)) (noting that an evidentiary hearing is required if the prisoner presents a "colorable" claim for relief "showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue").

## III. Discussion

Landgrebe's Presentence Report ("PSR") included a two-level enhancement for possessing a firearm and a six-level enhancement for endangering a minor. *See* PSR 6, ECF No. 47. Landgrebe argues that those enhancements were "inappropriate double punishment" because "two [d]efendants were sep[a]rately sentenced for the same crime," and that her attorney was ineffective because he did not explain or object to those enhancements. 2255 Pet. 4. She also argues that her sentence is unlawful under *Alleyne v. United States,* --- U.S. ---, 133 S. Ct. 2151 (2013) (holding that any fact that triggers a mandatory minimum sentence is an "element" of the underlying offense). The Government responds that Landgrebe knowingly and voluntarily

4

waived her right to collaterally attack her sentence under the terms of her plea agreement and that her Petition does not state a claim for relief based on ineffective assistance of counsel. Mot. to Dismiss 4–6, 6–7.

A.   Waiver

A criminal defendant may waive her right to attack her sentence collaterally as long as that wavier is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Courts will enforce such waivers against any claim falling within the waiver's scope.[3] *See id.*; *United States v. Brantley*, 546 F. App'x 163, 164 (4th Cir. 2013) (per curiam). "Generally, if a district court fully questions a defendant during the Rule 11 hearing regarding [her] waiver of collateral attack rights, the waiver is both valid and enforceable." *Saint-Jean*, 684 F. Supp. 2d at 775.

In her plea agreement, Landgrebe expressly agreed to "waive any right [she] may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." Plea Agmt. 7. Judge Wilson also addressed the terms of the plea agreement, including its waiver clause, at Landgrebe's Rule 11 hearing:

> The Court:   Ms. Landgrebe, do you have your agreement in front of you?
> 
> Ms. Landgrebe: Yes, sir.
> 
> The Court:   Did you read and sign that agreement?
> 
> Ms. Landgrebe: Yes, sir.
> 
> The Court:   Do you understand that agreement?
> 
> Ms. Landgrebe: Yes, sir.

---

[3] Courts recognize exceptions for a "narrow class of claims" that cannot be waived or for cases where the Government arguably breached the terms of the agreement. *See Lemaster*, 403 F.3d at 220 n.2; *United States v. Saint-Jean*, 684 F. Supp. 2d 767, 775–76 (W.D. Va. 2010) (Conrad, J.). Landgrebe does not allege that the Government breached the terms of her plea agreement. *See* 2255 Pet. 4; Def. Reply Br. 1, ECF No. 58.

5

> The Court: Is there anything about that agreement at all that you do not understand?
>
> Ms. Landgrebe: No, sir.
>
> The Court: Has anyone made any other or different promise or assurance to you of any kind in an effort to induce you to plead guilty?
>
> Ms. Landgrebe: No, sir.
>
> * * *
>
> The Court: Do you also understand that under some circumstances you or the Government may have the right to appeal any sentence that I impose. One of those circumstances includes the right to appeal an unreasonable sentence in light of all the factors the Court listed. However, do you understand that you are waiving your right to appeal your conviction; that is, your plea and your sentence or to challenge your plea and sentence except in limited circumstance, if the Court were to exceed the statutory maximum. For all intent[s and] purposes you're waiving the right to appeal. Do you understand that, Mr. Smith?
>
> Mr. Smith: Yes, sir.
>
> The Court: And do you understand that as well, Ms. Landgrebe?
>
> Ms. Landgrebe: Yes, sir.
>
> The Court: Do you also understand you are waiving your right to collaterally attack your plea and sentence, Mr. Smith?
>
> Mr. Smith: Yes, sir.
>
> The Court: Ms. Landgrebe?
>
> Ms. Landgrebe: Yes, sir.

Plea Hr'g Tr. 9, 16–17. Landgrebe testified that she understood and voluntarily decided to waive her right to collaterally attack her sentence. *See id.* at 16–17. Landgrebe does not now allege that her waiver was uninformed or involuntary, or that the Government breached the plea agreement. *See* 2255 Pet. 4; Def. Reply Br. 1.

Having reviewed the full record, I find that Landgrebe's hearing testimony "conclusively establishes" that her collateral-attack waiver is valid and enforceable against her *Alleyne* and "double punishment" claims. *See Saint-Jean*, 684 F. Supp. 2d at 775–76. These claims, liberally

6

construed, challenge only Judge Wilson's calculation of Landgrebe's five-year prison sentence. *See* 2255 Pet. 4. Thus, they fall within the scope of the plea agreement's waiver clause, and Landgrebe may not raise them in a 2255 petition.

B.   *Ineffective Assistance of Counsel*

Landgrebe also asserts that her attorney was ineffective because he did not challenge two proposed sentencing enhancements. 2255 Pet. 4. To survive the Government's motion to dismiss this claim, Landgrebe must allege facts that, if true and not directly contradicted by her earlier testimony, *Nelson v. United States*, No. 7:07cv141, 2007 WL 2344985, at *3, *5 (W.D. Va. Aug. 15, 2007) (Conrad, J.) (noting that, absent "extraordinary circumstances," allegations that directly contradict the prisoner's earlier testimony "are always 'palpably incredible' and 'patently frivolous or false'" (quoting *Lemaster*, 403 F.3d at 221)), would show that counsel's performance was both objectively unreasonable and prejudicial, *see Strickland v. Washington*, 446 U.S. 668, 687 (1984). In this context, "prejudicial" means there is a reasonable probability that, but for counsel's errors, Landgrebe would have received a shorter sentence. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Curtis*, 360 F. App'x 413, 414–15 (4th Cir. 2010) (per curiam). A reasonable probability is a "probability sufficient to undermine confidence in the outcome."[4] *Strickland*, 466 U.S. at 694.

Landgrebe faced between 60 and 480 months in prison for conspiring to manufacture at least 50 grams of a substance containing methamphetamine. *See* Plea Agmt. 1 (citing 21 U.S.C. § 841(b)(1)(B)); Plea Hr'g Tr. 10–13. The PSR proposed a two-level enhancement for possessing a firearm and a six-level enhancement for endangering a minor. *See* PSR 6. With those

---

[4] The Court need not evaluate counsel's performance if the record conclusively shows that his alleged errors, even if objectively unreasonable, did not prejudice Landgrebe. *See United States v. Lafferty*, No. 7:11cr8, 2013 WL 123063, at *3 (W.D. Va. Jan. 9, 2013) (citing *Strickland*, 466 U.S. at 697); *Nelson*, 2007 WL 2344985, at *5.

7

enhancements, Landgrebe's advisory guideline range was 121 to 151 months in prison. *See id.* at 6, 11–12; Sent. Hr'g Tr. 4. Landgrebe correctly notes that the enhancements reflect conduct for which she was not convicted, and that her attorney did not object to their application. *See* 2255 Pet. 4; Sent Hr'g Tr. 2, 4–5. But she overlooks the fact that she received a sentence below what the advisory guidelines range would have been even without the enhancements.

Judge Wilson accepted the parties' recommendation and sentenced Landgrebe to 60 months in prison—the shortest term of incarceration allowed under the statute. *See* Plea Agmt. 1, 3; Plea Hr'g Tr. 10–13; PSR 11; Sent. Hr'g Tr. 3–4, 7–8. Thus, there is not a reasonable probability that, but for counsel's failure to object, Landgrebe would have received a shorter sentence. *Cf. United States v. Webb*, 452 F. App'x 316, 318 (4th Cir. 2011) (per curiam) (finding no prejudice where "the sentencing outcome would have been the same" with or without counsel's objection); *Lafferty*, 2013 WL 123063, at *5 (finding no prejudice where the court did not apply enhancements) (citing *Glover*, 531 U.S. at 203–04).

Further, Landgrebe's testimony at her Rule 11 hearing establishes that the enhancements were proper in her case. The Government proffered the following evidence:

> [t]his case developed from a search warrant that was conducted in a residence shared by Mr. Smith and Ms. Landgrebe. When State police came both of them were present. As the police entered the residence, they noticed a haze, a chemical, smoke coming out of the house. They found Mr. Smith in the living room. Immediately next to him barrel down was a shotgun. Ms. Landgrebe was also in the house. In the back of the house they found – they had been cooking their meth using the one-bottle method. . . . What the police found in the back of the house was a . . . Pyrex [dish] that contained some powder methamphetamine and then a container that contained meth oil to the tune of 103.6 grams containing methamphetamine. What made the case somewhat egregious is that when the police entered the living room through the haze, *they observed Mr. Smith's twin one-year-old boys playing on the floor in and amongst the haze*. . . . [Ms.] Landgrebe was advised of her rights under Miranda and admitted that she had been involved in the buying of the pills that were used as the precursor for the methamphetamine and had also been using methamphetamine.

8

Plea Hr'g Tr. 19–20. Landgrebe agreed with this proffer. *Id.* at 21. Judge Wilson properly considered Landgrebe's admitted conduct when determining how to sentence her for conspiring with Mr. Smith to manufacture methamphetamine. *See United States v. Mangual*, 278 F. App'x 267, 272 (4th Cir. 2008) (per curiam) (citing *United States v. Kimberlin*, 18 F.3d 1156, 1159–60 (4th Cir. 1994)) (holding that the two-level enhancement for possessing a firearm applies if it was reasonably foreseeable to the defendant that her co-conspirator possessed a firearm in connection with their joint drug activity); *United States v. Espinoza Sanchez*, 67 F. App'x 174, 176 (4th Cir. 2003) (per curiam) (holding that the district court may apply a sentencing enhancement based on conduct underlying dismissed counts as long as the enhancement does not increase the statutory maximum penalty for the defendant's offense of conviction). Counsel was not required to object to the enhancements' application because there was no obvious basis for which to do so. *Cf. Gillispie v. United States*, No. 7:07cv201, 2007 WL 4125384, at *2–3 (W.D. Va. Nov. 20, 2007) (summarily dismissing an ineffective-assistance claim based on counsel's failure to make a sentencing recommendation for which there was no obvious basis).

Landgrebe also alleges that counsel did not discuss the enhancements with her or explain the impact they might have on her sentence. *See* 2255 Pet. 4. This allegation "directly contradict[s Landgrebe's] sworn statements made during a properly conducted Rule 11 colloquy." *Nelson*, 2007 WL 2344985, at *3. Landgrebe confirmed her understanding that she faced between five and forty years in prison if convicted, and that she and "[her] attorney talked about how the sentencing commission guidelines might apply in [her] case." Plea Hr'g Tr. 12–13, 15. Judge Wilson also gave Landgrebe the opportunity to speak after he announced her base offense level, criminal history category, guideline custody range of 121 to 151 months, and supervised release range of four years to life. *See* Sent. Hr'g Tr. 4, 6. Landgrebe did not express

9

any confusion about her sentencing exposure or express dissatisfaction with her attorney's performance at that time. *See id.* at 6. The Court need not accept Landgrebe's allegation over her sworn statements to the contrary. *See Lemaster*, 403 F.3d at 221–22; *Nelson*, 2007 WL 2344985, at *3. Because Landgrebe's complaint about counsel contradicts her previous statements to the Court and, in any event, she cannot show prejudice from counsel's performance, Landgrebe's allegations to not state a claim for which relief can be granted under section 2255.[5]

## IV. Conclusion

The existing record conclusively shows that Landgrebe knowingly and voluntarily waived her right to collaterally attack her sentence on any ground except ineffective assistance of counsel, and that she is entitled to no relief on her ineffective-assistance claim. Therefore, I recommend that the Court **GRANT** the Government's motion, ECF No. 56, **DISMISS** Landgrebe's petition, ECF No. 50, and **STRIKE** this case from the docket.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[5] Landgrebe further explained her claims in her response to the Government's motion to dismiss. *See* Def. Reply Br. 1. She insisted that she was not challenging her sentence, although at the same time she asked the Court to "lift or waive [her sentencing guidelines] enhancements because they made her "ineligible for the full benefits that the drug program has to offer." *Id.* Whatever the effect Landgrebe's sentencing guidelines have on her prison programming, the Court cannot now alter those guidelines absent a legal basis.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all unrepresented parties and counsel of record.

ENTER: March 27, 2015

Joel C. Hoppe
United States Magistrate Judge